**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN PHILIP FLORENCE** | : | CASE NO.: |
| 870 Franklin Road, Apt J2 | : | |
| Lebanon, Ohio 45036 | : | JUDGE |
| | : | |
| *Plaintiff*, | : | **Jury Demand Endorsed Herein** |
| | : | |
| v. | : | |
| | : | |
| **ALLSTATE VEHICLE AND PROPERTY** | : | |
| **INSURANCE COMPANY** | : | |
| C/O CT Corporate System | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, Ohio 43210 | : | |
| | : | |
| *Defendant.* | : | |

PLAINTFF JOHN FLORENCE'S COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT, AND BAD FAITH

(JURY DEMAND ENDORSED HEREON)

**Now Comes** Plaintiff John Florence ("the Plaintiff" or "Insured"), by and through undersigned counsel, and for his Complaint against the Defendant Allstate Vehicle and Property Insurance Company states as follows for breach of contract, declaratory judgment, and bad faith following the damage of Plaintiff's insured property:

**JURISDICTION AND VENUE**

1.  Plaintiff John Florence is an individual, currently residing at 870 Franklin Road, Apt J2 Lebanon, Ohio 45036 in Warren County, Ohio.

2. Defendant Allstate Vehicle and Property Insurance Company ("Allstate") is incorporated under the laws of the State of Illinois and maintains its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062.

3. Allstate maintains offices nationwide, including many throughout the state of Ohio, and issued a policy declaration for "House & Home" (the "Policy")[1], bearing policy number 000826360543 to Plaintiff that was effective February 26, 2021 for the property located at 9770 S Charleston Pike, South Charleston, OH 45368-9758 in Clark County, Ohio (the "Insured Property"). The Policy in effect at the time of the loss is attached as Exhibit A.

4. Jurisdiction and venue are proper in this forum pursuant to both Rule 3(B)(3) and 3(B)(6) of the Ohio Rules of Civil Procedure. Defendants conducted activity, and the claim for relief arose in Clark County.

## STATEMENT OF FACTS

5. Plaintiff incorporates and restates the above paragraphs as if fully rewritten herein.

6. A loss by fire (the "Fire") occurred on April 11, 2022, at the Insured Property, located at 9770 S Charleston Pike, South Charleston, OH 45368-9758. The time of such fire is unknown.

7. At all relevant times, the Insured Property was insured by Allstate pursuant to an insurance policy issued by Allstate. See Exhibit A.

8. The policy provided coverage for Dwelling Protection, Personal Property Protection, Other Structures Protection, Additional Living Expense, and Family Liability Protection.

9. Plaintiff made all premium payments required by the Policy.

---

[1] Allstate is Insurer of the Policy and likewise possesses a copy of the Policy.

10. As a result of the Fire, the interior of the Insured Property was significantly damaged by smoke and ash residue.

11. As a result of the Fire, the Insured Property was uninhabitable.

12. Plaintiff filed a claim in 2022 for the fire damage to the Insured Property ("Fire Damage Claim").

13. Plaintiff met with Allstate adjusters at the Insured Property multiple times from May 2022 through June 2022.

14. Plaintiff submitted for an examination under oath ("EUO") conducted by Allstate on September 30, 2022.

15. Plaintiff complied and answered Allstate's questions at the EUO.

16. Plaintiff fulfilled all conditions precedent as required by the Policy.

17. Allstate is liable for the Insured Property's damages caused by the Fire.

18. Allstate delayed its response to Plaintiff's Fire Damage Claim.

19. Plaintiff continuously inquired about Allstate's decision from September 2022 through December 2022.

20. Allstate continuously responded that Plaintiff's claim remained under investigation.

21. Allstate continued to delay its response to Plaintiff's Fire Damage Claim.

22. Plaintiff discovered water damage to the Insured Property on or about January 25, 2023.

23. Plaintiff filed a second claim with Allstate on or about January 26, 2023. ("Water Damage Claim.")

24. Allstate again inspected the Insured Property in February 2023.

25. Allstate again continued to delay its response to Plaintiff's Water Damage Claim and Fire Damage Claim.

26. A complaint was filed against Allstate with Ohio Department of Insurance in March 2023.

27. On March 15, 2023 regarding the Water Damage Claim Allstate's adjuster for the contents claim informed Plaintiff "[w]e are extending coverage for this claim." Allstate did not state there was any limitation on the coverage available for the Water Damage Claim.

28. On May 8, 2023 regarding the Water Damage Claim Allstate's adjuster for the dwelling claim informed Plaintiff "I am extending coverage for the damage caused by water for this claim." Again, Allstate did not state there was any limitation on the coverage available for the Water Damage Claim.

29. Plaintiff received Allstate's denial of Plaintiff's Fire Damage Claim on or about May 11, 2023, despite the letter's date of March 14, 2023. See Exhibit B.

30. Thereafter, regarding the Water Damage Claim, Allstate arranged for items from the Insured Property to be picked up, cleaned, and returned to the Insured Property.

31. On June 16, 2023, Allstate's representative informed Plaintiff that the contents were covered and that they could be picked up and delivered to a restoration company for cleaning, repair, and restoration. Allstate confirmed at this time that the cost for such service would be paid by Allstate.

32. In June 2023, in a series of referrals originating from Allstate's preferred contractor for the dwelling repairs, Paul Davis Restoration, Plaintiff was introduced to CSB Services for the removal, cleaning and restoration of the contents.

4

33. As CSB Services had worked with Allstate in the past, they needed Allstate's approval to open the work order, which Allstate provided. Relying on Allstate's approval to work with CSB Services and Allstate's promises that the contents claim was covered, Plaintiff signed a Service Agreement with CSB Services.

34. By December 2023, contents of the Insured Property were still being inventoried and removed.

35. CSB Services sent Plaintiff all documentation regarding the contents services and Plaintiff promptly forwarded the documentation to Allstate in January 2024.

36. Allstate instead advised it would only cover 10% of the Policy's limits because Allstate alleges Plaintiff was not residing at the Insured Property at the time of loss.

37. When Plaintiff inquired further, Allstate claimed that it previously advised Plaintiff that it would only cover 10% of the Policy's limits.

38. No such communications ever occurred.

39. Plaintiff requested Allstate to forward such communications.

40. Allstate failed to forward any such communications.

41. Allstate's delays, denial of the Fire Damage Claim, and denial of coverage of Plaintiff's contents services caused Plaintiff harm.

## COUNT ONE: BREACH OF CONTRACT

42. Plaintiff incorporates and restates the above paragraphs as if fully rewritten herein.

43. Plaintiff purchased a policy of insurance whereby Allstate promised to insure the Insured Property against loss caused by fire. The Policy insured the dwelling, structures, and personal property.

44. Plaintiff fulfilled his obligations under the contract by timely paying the Policy's premiums and satisfying all conditions necessary for coverage and to file this lawsuit against Allstate.

45. The losses suffered by Plaintiff are covered losses. There are no exclusions that apply that would deny him coverage for his loss.

46. Allstate breached the contract by breaking their promise to Plaintiff. Allstate denied Plaintiff's Fire Damage Claim and refuses to provide coverage for the damages caused by the April 11, 2022 Fire.

47. As a direct, foreseeable, and proximate result of Allstate's breach of contract, Plaintiff suffered damages in excess of $25,000.

## COUNT TWO: BREACH OF CONTRACT

48. Plaintiff incorporates and restates the above paragraphs as if fully rewritten herein.

49. Plaintiff purchased a policy of insurance whereby Allstate promised to insure the Insured Property against loss caused by fire. The Policy insured the dwelling, structures, and personal property.

50. The losses suffered by Plaintiff are covered losses. There are no exclusions that apply that would deny him coverage for his loss.

51. Allstate breached the contract by breaking their promise to Plaintiff. Allstate refuses to provide coverage of the contents cleaning services beyond 10% of the Policy's limits, despite such contents being covered by the Policy. Allstate's position that such contents are not covered because Plaintiff was not residing at the Insured Property is a blatant misinterpretation of the Policy. The contents are covered by the Policy because they were damaged in the Insured Property which is insured by the Policy.

52. As a direct, foreseeable, and proximate result of Allstate's breach of contract, Plaintiff suffered damages in excess of $25,000.

### COUNT THREE: ESTOPPEL

53. Plaintiff incorporates and restates the above paragraphs as if fully rewritten herein.

54. Plaintiff obtained a policy of insurance from Allstate that provides full coverage for damage to the Insured Premises and Contents contained therein caused by fire, smoke, ash, and water and made all premium payments for such coverage.

55. After the losses occurred, Allstate arranged to have the contents removed, cleaned, and/or restored.

56. The removal, cleaning, and restoration of the contents was performed by Allstate's provided third party vendor.

57. When the third party vendor presented its invoice to Allstate for payment, Allstate for the first time made a decision to only pay 10% of that invoice.

58. By its actions, and to the extent the policy coverage for contents is limited to only 10% of the contents coverage limit, Allstate is estopped from applying such limit as it approved the removal, cleaning, and restoration of contents without advising the Plaintiff such coverage was limited to 10% of the contents policy limit.

59. As a direct, foreseeable, and proximate result of Allstate's breach of contract, Plaintiff suffered damages in excess of $25,000.

### COUNT FOUR: BREACH OF DUTY OF GOOD FAITH

60. Plaintiff incorporates and restates the above paragraphs as if fully rewritten herein.

61. Allstate has breached its duty of good faith continuously throughout Plaintiff's losses. This includes, but is not limited to, Allstate's foot-dragging to process of Plaintiff's Fire

Damage Claim, denial of Plaintiff's Fire Damage Claim, intentional misinterpretation of the definition of "Residence premises" under the Policy, and statements to Plaintiff pertaining to Allstate's refusal to cover Plaintiff's contents services, despite such being covered, despite Allstate previously indicating such would be covered, and despite a lack of communication with Plaintiff indicating otherwise.

62. Allstate is taking advantage of an elderly individual who was ill and unable to care for himself by denying a claim because the ill, elderly man was allegedly not "residing" in the home while he needed medical care and treatment and he did not first obtain Allstate's permission to be cared for in a different location than the Insured Premises.

63. Allstate is also engaging in bad faith by purporting to limit coverage for damaged contents on the basis that the Plaintiff was not "residing" at the Insured Premises when, at the time of loss, the Insured Premises was uninhabitable. The Insured Premises was uninhabitable because Allstate was refusing to take any action arising from the Fire Claim. As such, Allstate made it impossible for the Plaintiff to "reside" at the Insured Premises and then claims that because the Plaintiff was not "residing" at the Insured Premises coverage for contents was limited to 10% of the policy limit.

64. Allstate engaged in bad faith by providing Plaintiff with a vendor to remove, clean, and restore Plaintiff's contents only to turn around and inform Plaintiff following receipt of the invoice for such services that Allstate would only pay a *de minimus* portion of that invoice. Such action by Allstate has exposed Plaintiff to an additional liability to Allstate's vendor in excess of $100,000.

65. Allstate has an obligation to exercise good faith in handling of claims, including that of Plaintiff's. Allstate violated its obligation of good faith by foot-dragging its processing of

8

Plaintiff's Fire Damage Claim, its denial of Plaintiff's Fire Damage Claim, and its refusal to provide coverage beyond 10% of the Policy limits for Plaintiff's contents services.

66. Allstate has an obligation to exercise good faith in handling of claims, including that of Plaintiff's. Allstate violated its obligation of good faith by foot-dragging its processing of Plaintiff's Fire Damage Claim, its denial of Plaintiff's Fire Damage Claim, and its refusal to provide coverage beyond 10% of the Policy limits for Plaintiff's contents services.

67. Allstate does not have a reasonable justification to deny Plaintiff's Fire Damage Claim and coverage for Plaintiff's contents services. Allstate intentionally delayed processing Plaintiff's Fire Damage Claim and intentionally misinterpreted the Policy to exclude Plaintiff's Insured Property from coverage for both Plaintiff's Fire Damage Claim and Plaintiff's contents services.

68. Allstate's delay in handling the claim as placed the Plaintiff in a precarious position relative to ongoing insurance on the Insured Property. Had Allstate paid the claim promptly, the house and contents would have been repaired and the home would be inhabitable. By delaying the process for two (2) years, the home remains uninhabitable. Allstate has now informed the Plaintiff that it will no longer insure the Insured Property. Thus, while the home remains uninhabitable, Plaintiff must obtain insurance coverage on a destroyed home. Plaintiff has procured such coverage at an exceptionally high rate.

69. Allstate has engaged in further acts of bad faith in their claim handling as will be evidenced in discovery.

70. Due to Allstate's breach of its duty of good faith, Plaintiff has been damaged in an amount in excess of $25,000 with the exact amount to be proven at trial. Furthermore, Plaintiff will be entitled to punitive damages, attorney fees, and costs.

## COUNT FIVE: DECLARATORY JUDGMENT

71. Plaintiff incorporates and restates the above paragraphs as if fully rewritten herein.

72. Plaintiff purchased a policy of insurance from Allstate that insured the Insured Property and Contents therein against losses caused by a fire, smoke, ash, and/or water.

73. The Insured Property and Contents sustained loss caused by fire, smoke, ash, and/or water.

74. Allstate has wrongly denied coverage for loss caused by fire, smoke, and/or ash.

75. Allstate has wrongly denied and/or limited coverage for loss caused by water.

76. In failing to provide coverage, in whole or in part, for the Fire and/or Water Claims that destroyed the Plaintiffs' Insured Property and/or Contents Allstate has failed to uphold the terms of the Policy it entered with the Plaintiff.

77. Accordingly, the Plaintiff is entitled to declaratory judgment declaring that the Allstate insurance policy provides insurance coverage, to the full extent of the limits set forth in the policy declarations page, for the claims at issue and are not subject to any limitations of liability or exclusions.

**WHEREFORE**, Mr. Florence demands judgment against Allstate for the following relief:

    A. Regarding Claim One: judgment in favor of Plaintiff and against Allstate and damages in excess of $25,000, plus interest at the statutory rate of interest, with the exact amount to be determined at trial;

    B. Regarding Claim Two: judgment in favor of Plaintiff and against Allstate and damages in excess of $25,000, plus interest at the statutory rate of interest, with the exact amount to be determined at trial;

      C.      Regarding Claim Three: judgment in favor of Plaintiff and against Allstate and damages in excess of $25,000, plus interest at the statutory rate of interest, with the exact amount to be determined at trial;

      D.      Regarding Claim Four: judgment in favor of Plaintiff and against Allstate and damages in excess of $25,000, plus interest at the statutory rate of interest, punitive damages, attorney fees, and costs, with the exact amount to be determined at trial;

      E.      Regarding Claim Five: declaratory judgment declaring that the Allstate insurance policy provides insurance coverage, to the full extent of the limits set forth in the policy declarations page, for the claims at issue and are not subject to any limitations of liability or exclusions.

      F.      Such other legal and equitable relief to which the Plaintiff may be entitled in law or in equity, including, but not limited to, costs of the action and attorneys' fees in an amount to be determined.

Respectfully submitted,

**CARLILE PATCHEN & MURPHY LLP**

By: */s/ Matthew S. Brown*
Matthew S. Brown (0077687)
950 Goodale Boulevard, Suite 200
Columbus, Ohio 43212
Tele: (614) 228-6135
Fax: (614) 221-0216
Email: mbrown@cpmlaw.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues presented herein.

>*/s/ Matthew S. Brown*
>Matthew S. Brown (0077687)